# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| PHYLLIS J. CARPENTER,<br><br>        Plaintiff,<br><br>vs.<br><br>SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY,<br><br>        Defendant. | Case No. 2:21-cv-01695-APG-VCF<br><br>**Order**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

    Pro se plaintiff Phyllis J. Carpenter's filed an application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). I grant Carpenter's in forma pauperis application. I dismiss her complaint without prejudice.

## DISCUSSION

    Carpenter's filings present two questions: (1) whether Carpenter may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Carpenter's complaint states a plausible claim for relief.

**I.    Whether Carpenter May Proceed In Forma Pauperis**

    Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF

No. 1). Plaintiff's affidavit states that she has no wages, that she receives food stamps, and lives in subsidized housing. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

## II.     Whether Carpenter's Complaint States a Plausible Claim

### a.  Legal Standard

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible."   556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Federal Rule of Civil Procedure 8(a)(1) also requires that, "[a] pleading that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction." Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).  The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading."

LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Carpenter's Complaint

Carpenter's complaint is rambling and difficult to follow. She alleges that the Southern Nevada Regional Housing Authority violated nearly 25 different "laws" (mostly dozens of subsections of the Code of Federal Regulations, the Fair Housing Act, the ADA, "slander," the "EEOC," and "HUD"). ECF No. 1-1. Plaintiff does not allege how the defendant violated any of these laws. She merely lists the laws. *Id.* Plaintiff alleges generally that the defendant did not pay her mortgage or pay her wages for "maintenance." *Id.* Plaintiff alleges that she lives in low income projects and she also worked as an hourly employee there. She alleges she received write-ups because many of the units were not ADA compliant, she got paid less than another worker even though he did not speak English, that the defendant did not properly repair her apartment, and she alleges that defendant "slandered" her name. *Id.* She demands a public apology, $37,000 "per violation," $45,000 in wages, and $75,000 in pain and suffering.

Plaintiff's complaint does not comply with the requirements set forth in *Twombly* and *Iqbal*. Plaintiff's proposed complaint does not set forth factual allegations for each alleged legal violation to state plausible claims for relief. Even reading her complaint liberally, most of the alleged legal violations do not correspond to facts plead. Plaintiff lists a number of laws, says that the defendant

3

violated them, but does not allege facts for each of the alleged violations. For screening purposes, however, I will analyze plaintiff's alleged legal violations.

### i. Fair Housing Act (FHA)

The Fair Housing Act provides a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). An aggrieved person is defined to include any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(I). A discriminatory housing practice is "an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title." 42 U.S.C. 3602(f). The Ninth Circuit applies a Title VII discrimination analysis in examining claims under the FHA. See *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997). A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact. *Id*. at 305 (citing *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 926 n.2 (8th Cir. 1993) and *Pfaff v. United States HUD*, 88 F.3d 739, 745 n.1 (9th Cir. 1996)).

Plaintiff has not stated state a prima facie discrimination claim because she has not alleged any discriminatory housing practice under 42 U.S.C. §§ 3604, 3605, 3606, or 3617. The only possibly relevant provision is § 3604 (b). IT provides that it is unlawful to discriminate against a person in the terms conditions or privileges of a rental of a dwelling or in the provision of services or facilities connected therewith based on the person's race, color, religion, sex, familial status, or national origin. Plaintiff's complaint does not set forth any facts to suggest that the defendant discriminated against her. I deny this claim without prejudice.

### ii. Code of Federal Regulations and the United States Department of Housing and Urban Development (HUD)

Plantiff brings "HUD" violations but since HUD is a federal agency, not a law, it is unclear what legal theory plaintiff refers to here. Plaintiff cites to dozens of violations of the "CFR" but since

plaintiff merely lists them and does not include factual allegations, I will not analyze each one. For example, plaintiff alleges that defendant violated 24 CFR Subtit. B, Ch. II, Subch. B, Pt. 245, which states that, "[w]hen landlords seek to have their rent increased, 24 C.F.R. § 401 (1979) [Former 24 CFR 401 redesignated as 24 CFR 245] provides for written notice to the tenants, an opportunity to comment, and a written response from the Department of Housing and Urban Development (HUD) explaining its actions." Plaintiff has not made any allegations regarding rent increases. It is also unclear if plaintiff has standing to assert procedural rights regarding violations of the Code of Federal Regulations. See *DeSuze v. Carson*, 442 F. Supp. 3d 528, 539 (E.D.N.Y. 2020), aff'd sub nom. *DeSuze v. Ammon*, 990 F.3d 264 (2d Cir. 2021)("Plaintiffs fail to demonstrate that Congress vested tenants with a procedural right to have a local [public housing agency] review an owner's proposed rent increase before it is sent to HUD.") Plaintiff's alleged violations of the Code of Federal Regulations are dismissed without prejudice. If plaintiff wishes to bring these claims, she must allege how she has standing to bring them. She must also allege facts for each alleged violation.

### iii. Americans with Disabilities Act (ADA)

Title I of the ADA, 42 U.S.C. §§ 12111-17, prohibits disability discrimination in employment. 42 U.S.C. § 12112(a), prohibits an employer from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." A prima facie case of disability discrimination under Title I of the ADA requires a plaintiff to establish that: 1) she is "disabled" within the meaning of the statute; 2) she is a "qualified individual" (that is, she is able to perform the essential functions of her job, with or without reasonable accommodations); and 3) she suffered an adverse employment action "because of" her disability. See, e.g., *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir.2001).

5

Plaintiff again alleges that the defendant violated the ADA but does not specify how. Plaintiff does not allege that she is disabled or that she suffered an adverse employment action because of her disability. It is also unclear if plaintiff believes defendant violated the ADA based on her employment situation or based on her status as a tenant. This is irrelevant though because plaintiff does not allege she is disabled in her complaint. This claim is dismissed without prejudice.

### iv.  U.S. Equal Employment Opportunity Commission (EEOC)

Plaintiff alleges an EEOC violation, but this does not make sense. When a plaintiff alleges a violation of Title VII, a plaintiff, "is required to exhaust her administrative remedies…by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002), citing 42 U.S.C. § 2000e–5(b).  Plaintiff does not mention Title VII or allege that she is a member of a protected class. Her allegation that defendant paid someone who did not speak English more than her does not establish that she is a member of a protected class. Plaintiff also does not allege whether she filed a charge with the EEOC and exhausted her administrative remedies. Reading her EEOC violation liberally as a Title VII violation, plaintiff has failed to state a claim because she has not alleged that she exhausted her administrative remedies with the EEOC.

### v.  Slander

"Defamation is divided into slander, spoken defamation, and libel, written defamation." Flowers v. Carville, 292 F. Supp. 2d 1225, 1232 n.1 (2003) (citing Restatement (Second) of Torts § 568). To establish a prima facie claim of defamation under Nevada law, a plaintiff must allege "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pacquiao v. Mayweather*, 803 F. Supp. 2d 1208, 1211 (D. Nev. 2011).

Plaintiff has not included any facts which give rise to a claim for slander. This claim should be dismissed with leave to amend.

### vi. Conclusion

I dismiss all plaintiff's clams without prejudice. I will give her an opportunity to amend.

ACCORDINGLY,

I ORDER that plaintiff Carpenter's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that the Clerk of Court file the complaint (ECF No. 1-1).

I FURTHER ORDER that Carpenter's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Carpenter has until Monday, November 29, 2021, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if an amended complaint is filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 25th day of October 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE